UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD MORENCY,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                             11 CV 4887 (DRH) (GRB)

        -against-

VILLAGE OF LYNBROOK P.O. Shield No. 217,
NASSAU COUNTY DETECTIVE
ROBERT J. LASHINSKY, Shield No. 1214,

                Defendants.
------------------------------------------------------------X

**APPEARANCES:**

**Attorney for Plaintiff**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
556 Peninsula Boulevard
Hempstead, New York 11550
By: Frederick K. Brewington, Esq.

**Attorney for Defendant**

**OFFICE OF NASSAU COUNTY ATTORNEY**
1 West Street
Mineola, New York 11501
By: Peter A. Laserna, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Donald Morency ("Morency" or "Plaintiff") commenced this action on October 7, 2011 asserting claims against defendant Nassau County Detective Robert J. Lashinsky, Shield No. 1214 ("Lashinsky") and Village of Lynbrook Police Officer Eric Bruen, Shield No. 217 ("Bruen") pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States to recover damages he allegedly sustained in connection with his arrest on October 11, 2008. Presently before the Court is plaintiff's motion, made

pursuant to Federal Rule of Civil Procedure ("Rule") 42, seeking to consolidate the within matter ("*Morency*") with the matter *Sorrell v. County of Nassau*, Docket No. 10-cv-0049 ("*Sorrell*"). Additionally before the Court is defendant's cross-motion to dismiss the *Morency* Complaint pursuant to FRCP 12(b)(6).[1] For the reasons set forth below, defendant's motion is granted and plaintiff's motion is denied.

## BACKGROUND

Georgette Sorrell, Juana Rosario, Machel Williams and Morency ("*Sorrell* Plaintiffs") filed a complaint in the Eastern District of New York on January 6, 2010. At that time all *Sorrell* plaintiffs, including Mr. Morency, were represented by the Law Offices of Frederick Brewington. The *Sorrell* plaintiffs asserted claims of *inter alia* false arrest and unreasonable search and seizure against the Village of Lynbrook and Police Officers John Doe 1-10. During the discovery phase, nearly two years after the *Sorrell* Complaint was filed, the *Sorrell* plaintiffs learned the identities of Lynbrook Police Officers John Doe 1-10 as well as the identities of members of the Nassau County Police Department who were also involved in their arrests. (Pl.'s Reply Mem. at 4.) As a result, the *Sorrell* plaintiffs petitioned the Court to amend the Complaint for purposes of including particular Lynbrook Police Officers, including Bruen, as well as the County of Nassau, Nassau County Police Officers, and Nassau County Detectives Lashinsky and Greg M. Arena ("Arena"). (*Id.*) By Memorandum and Order, dated June 4, 2012, the *Sorrell* plaintiffs were granted permission to amend the Complaint to include these individuals, as well as the County of Nassau. (*Id.*)

---

[1] Although Lashinsky and Bruen are both named defendants, only Lashinsky is bringing the motion to dismiss. Here, the Court's use of the word "defendant" refers solely to Lashinsky.

The Amended *Sorrell* Complaint alleges that on or about October 11, 2008, at or about 9:00 P.M., the *Sorrell* plaintiffs were lawfully driving together in a white 1994 four-door Honda Accord when Village of Lynbrook police officers pulled over that vehicle because it fit the description of a similar vehicle involved in a robbery that night. (Am. *Sorrell* Compl. ¶ 17.) Soon after officers pulled over the vehicle, Nassau County Detectives Lashinsky and Arena responded to the scene. (*Id.* ¶ 20.) *Sorrell* plaintiffs were then arrested and taken to the Fifth Precinct,[2] where they were placed in separate rooms and "interrogated."[3] (*Id.* ¶¶ 21–23.) Although Morency was not identified in a show up conducted where the officers stopped the vehicle or in a photo pack conducted at the Precinct, he was charged, along with the other *Sorrell* plaintiffs, with robbery in the second degree.[4] (*Id.* ¶¶ 31, 33–35.)

On or about January 28, 2009, the charges against the *Sorrell* plaintiffs, including those against Morency, were dropped because the *Sorrell* plaintiffs did not match the descriptions of the suspects provided to the Lynbrook Police Department. (*Id.* ¶¶ 37–39.) Further, video surveillance provided to the Assistant District Attorney proved that the *Sorrell* plaintiffs were at

---

[2] Although the Amended Complaint does not specify, the Court presumes that "the Fifth Precinct" refers to a precinct of the Nassau County Police Department.

[3] According to the Amended *Sorrell* Complaint, upon *Sorrell* plaintiffs arrival at the Fifth Precinct they were subjected to nonconsensual searches of their cell phones, ridiculing, strip searches, and twelve hours of interrogation during which they endured verbal abuse and harassment. (Am. *Sorrell* Compl. ¶¶ 24–29.)

[4] According to the Amended *Sorrell* Complaint, Detectives "Arena and Lashinsky instigated and encouraged the baseless prosecution of the [*Sorrell*] Plaintiffs" and "the charges were primarily based on the testimony of [Village of Lynbrook] Police Officer [Patrick J.] Hahl and Detective Lashinsky as complaining witnesses." (Am. *Sorrell* Compl. ¶¶ 31–32.)

a gas station approximately forty miles away from the scene of the alleged robbery thirteen minutes before the robbery took place. (*Id.* ¶ 40.)

While the motion to amend the *Sorrell* Complaint to add the names of the specific defendants mentioned above was *sub judice*, plaintiff Morency filed a second federal lawsuit against Lashinsky and Bruen on October 7, 2011. The second action, *Morency*, is based on the same operative facts as the *Sorrell* Complaint and does not include any claims occurring subsequent to the filing of the first *Sorrell* Complaint. The *Morency* Complaint was filed by Alan D. Levine, Esq. on behalf of the plaintiff.[5] The only causes of action alleged in the *Morency* Complaint —false arrest, false imprisonment, and false and malicious prosecution — are also alleged in the Amended *Sorrell* Complaint.[6] (*Morency* Compl. ¶ 28 (mislabeled ¶ 17); Am. *Sorrell* Compl. ¶¶ 42–58, 73–81.)

The plaintiff seeks to consolidate the two Complaints because the *Morency* Complaint contains the following facts pertaining to the plaintiff's arrest that are not in the Amended *Sorrell* Complaint. According to plaintiff, "[a]t the time that [Morency] was arrested, [he] was a participant in a New York State Department of Correctional Services work release program." (*Morency* Compl. ¶ 23.) "As a result of [Morency's] aforementioned arrest, plaintiff was unable to report to his work release assignment." (*Id.* ¶ 24.) "As a result of his not being able to report

---

[5] Plaintiff contends in his Reply Memorandum that Mr. Levine stated in a letter dated November 22, 2011 that he had "absolutely no knowledge that [his] client was a named plaintiff in another action…." (Pl.'s Reply Mem. at 6.)

[6] The Amended *Sorrell* Complaint also alleges causes of action for unreasonable search and seizure, municipal liability, and violations of the Fourth, Fifth, and Fourteenth Amendments, as well as state law claims for intentional infliction of emotional distress, assault, false imprisonment, malicious prosecution, and abuse of process. (Am. *Sorrell* Compl. ¶ 59–72, 82–159.)

4

to his work release assignment, plaintiff was served with a violation, was held in punitive segregation at the Lincoln Correctional Facility in New York City and was sent upstate to Cape Vincent Correctional Facility." (*Id.* ¶ 25.) "All told…plaintiff remained in custody continuously from October 11, 2008 until March 6, 2009, a period of nearly five months." (*Id.* ¶ 26.) "On March 6, 2009, plaintiff was readmitted to a work release program. However, his assignment to work release was extended for one full year, from its original expiration date of March 25, 2009, until March 28, 2010." (*Id.* ¶ 27).

To ensure that these additional facts were included in the *Sorrell* matter, plaintiff first sought to dismiss the *Morency* action without prejudice and incorporate facts from the *Morency* Complaint into the Amended *Sorrell* Complaint via a stipulation, but the County of Nassau declined to sign that stipulation. (Pl.'s Mem. in Supp. at 5.) On February 2, 2012, Frederick Brewington appeared in the *Morency* action on behalf of Mr. Morency and later, on July 24, 2012, filed a motion to consolidate the *Sorrell* and *Morency* actions.

## DISCUSSION

### *Defendant's Motion to Dismiss the Morency Complaint is Granted*

Plaintiff argues that the Court should consolidate the *Morency* and *Sorrell* actions because consolidation "will not harm any of the parties to these actions, as the facts and circumstances of each are duplicative, and were well known to the parties." (Pl.'s Mem. in Supp. at 8.) Further, plaintiff argues that "consolidation will also avoid issue and fact confusion, between the two separate cases . . . and will result in clear judicial economy." (*Id.*)

5

In response, defendant argues that the *Morency* action should be dismissed pursuant to 12(b)(6) under the doctrine of the "Plea of Other Suit Pending." [7] Under this doctrine, "a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)). "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id*. "[T]hough no precise rule has evolved, the general principle is to avoid duplicative litigation." *James v. AT&T Corp.*, 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 817) (internal alteration and quotation marks omitted). Dismissal is not appropriate, however, for claims that bear only a "rough resemblance" to each other. *Curtis*, 226 F.3d at 136.

The availability of the plea of other suit pending doctrine is governed by an elementary principle stated by the Supreme Court over one-hundred years ago in *Watson v. Jones* where the Court outlined the circumstances required for dismissal as follows:

> There must be the same parties, or at least such as represent the same interest, there must be the same rights asserted, and the same relief prayed for. This relief must be founded on the same facts, and the title or essential basis of the relief sought must be the same.

---

[7] Although it is not clear to the Court whether 12(b)(6) is the appropriate vehicle for bringing a motion to dismiss based on the plea of other suit pending doctrine, plaintiff does not challenge defendant's actions on this basis. Furthermore, it is clear that a dismissal based on this doctrine is within the Court's general power to administer its docket and the Court will proceed on that basis. *See Curtis v. Citibank*, 226 F.3d 133 (2d Cir. 2000).

80 U.S. (13 Wall.) 679, 715, 20 L. Ed. 666 (1871). The Second Circuit has also recognized the doctrine of the plea of other suit pending and that "the rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata*." *Curtis*, 226 F.3d at 138. As does the doctrine of *res judicata*, a judge's ability to dismiss a duplicative lawsuit serves to foster judicial economy and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Curtis*, 226 F.3d at 138 (citing *Adam v. Jacobs*, 950 F.2d 89, 93, 1991 U.S. App. LEXIS 27924 (2d Cir. 1991)); *see also Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952).

Moreover, duplicative complaints may be not be filed by a plaintiff "for the purpose of circumventing the rules pertaining to the amendment of complaints…" *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 216 (E.D.N.Y. 1999) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)); *see also Oliney v. Gardner*, 771 F.2d 856 (5th Cir. 1985); *In re Prudential Securities Inc. Ltd. Partnerships Litig.*, 158 F.R.D. 562 (S.D.N.Y. 1994). Further, as stated in *United States v. Haytian Republic*:

> It is undoubtedly a settled question that a party seeking to enforce a claim legally or equitably must present to the court, either in pleading or in proof, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.

154 U.S. 118, 125 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 485 (1876)).

Ultimately, in determining whether one action is duplicative of another, district courts are afforded "a great deal of latitude and discretion," but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions.*" Serlin*

7

*v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citing *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). Here, regarding the *Morency* and *Sorrell* matters, plaintiff states clearly on page eight of his Memorandum of Law in Support that "[i]n both…cases, Mr. Morency is a Plaintiff;" "the Defendants are the same in both cases;" "the causes of action or claims against the Defendants are identical;" and "the facts and circumstances of each are duplicative. (Pl.'s Mem. in Supp. at 8.) By the plaintiff's own admissions, the *Morency* and *Sorrell* matters are duplicative.

Although the Amended *Sorrell* Complaint includes additional plaintiffs and defendants, it is "nonfatal to that plea [of the other suit pending] that the parties are not identical," as "they need not be if their interests are aligned." *Curtis*, 46 F. Supp. 2d at 215; *see also Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664 (S.D.N.Y. 1997) (finding an action duplicative even though the later lawsuit named additional individual defendants). Here, the interests of the parties in both the *Sorrell* and *Morency* matters are aligned as both Complaints are based on the same operative facts and include the same causes of action.

Plaintiff acknowledges that there cannot be two identical actions pending before the court. As a result, plaintiff sought to stipulate to discontinue *Morency* without prejudice and incorporate factual allegations from the *Morency* Complaint into the *Sorrell* Complaint. (Pl.'s Reply Mem. at 12.) As is within the defendant's rights, the defendant chose not to agree to the proposed stipulation. Consequently, plaintiff sought to consolidate the two matters arguing that there are factual allegations set forth with detail in *Morency* that are not contained in *Sorrell* and that the "filing of a consolidated Complaint, with a more detailed recitation of the facts as it relates to Mr. Morency's re-incarceration…would provide the parties and the Court with a clear

8

[and] cohesive understanding of the extent of the violations against him, and its affect upon Plaintiff." *Id.* at 14.

Despite these contentions, plaintiff's failure to properly plead these facts in the *Sorrell* Complaint is not a valid concern because duplicative complaints may not be filed by a plaintiff "for the purpose of circumventing the rules pertaining to the amendment of complaints…." *Curtis*, 46 F. Supp. 2d at 216 (citing *Walton*, 563 F.2d at 71). Plaintiff could have properly asserted these factual allegations in the initial *Sorrell* Complaint or sought to supplement the complaint pursuant to Rule 15.

Further, plaintiff did not respond to or even address defendant's argument concerning the issue of duplicative litigation and the doctrine of the plea of other suit pending. Based on that doctrine, plaintiff should not have initiated the *Morency* matter while the *Sorrell* matter was pending in federal court. In the instant scenario it is clear from a review of the pleadings in the two matters as well as admissions in the plaintiff's own papers that the *Morency* and *Sorrell* matters include the same parties, causes of action, relief prayed for, and operative facts. Accordingly, the *Morency* Complaint is dismissed with prejudice pursuant to the doctrine of the plea of other suit pending in the interests of judicial economy and fairness to the parties. Further, plaintiff's motion to consolidate the *Morency* and *Sorrell* actions is denied.

## CONCLUSION

For the reasons set forth above, defendant's cross-motion to dismiss the *Morency* Complaint is granted and plaintiff's motion to consolidate the *Morency* and *Sorrell* matters is denied.

*SO ORDERED.*

Dated: Central Islip, New York

       March 6, 2014

                                                    /s/

                                      Denis R. Hurley

                                      Unites States District Judge